# EXHIBIT C-1

# 1898

CAUSE NO. _____

| | | |
|---|---|---|
| LAREDO PETROLEUM, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | GLASSCOCK COUNTY, TEXAS |
| | § | |
| ACADIANA MAINTENANCE | § | |
| SERVICE, LLC | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Laredo Petroleum, Inc. ("Laredo") files this Original Petition against Defendant Acadiana Maintenance Service, LLC ("Acadiana") as follows:

**I.    Discovery Control Plan**

1.      Pursuant to Texas Rule of Civil Procedure 190.3, discovery is intended to be governed by a Level 2 Discovery Control Plan. Laredo reserves the right to move for the adoption of a Level 3 discovery control plan under Rule 190.4 of the Texas Rules of Civil Procedure, if the interests of justice so require.

**II.   Parties**

2.      Laredo is a Delaware corporation authorized to do business in the State of Texas

3.      Acadiana is a Louisiana limited liability company authorized to do business in the State of Texas. Acadiana may be served with process by serving its registered agent, Keith Romero, 260 Sinclair Road, Kilgore, Texas 75662, or wherever he may be found.

Filed 7/10/2018 1:37 PM
Rebecca Batla
Combination Clerk
Glasscock County, Texas
Reviewed By: Rebecca Batla

## III. Jurisdiction and Venue

4. The Court has personal and subject matter jurisdiction over the parties and subject matter of this dispute.

5. A substantial portion of the events giving rise to Laredo's causes of action occurred in Glasscock County. Therefore, venue is proper in Glassock County pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1).

## IV. Rule 47 Statement

6. Pursuant to Texas Rule of Civil Procedure 47(c), the damages sought are within the jurisdictional limits of the court, and Laredo seeks monetary relief over $200,000 but not more than $1,000,000.

## V. Facts

7. Laredo is an independent energy company with operations in Texas, including in Glasscock County, Texas.

8. Acadiana is a vendor that has performed services for Laredo on various oil and gas leases and other Laredo locations located in Glasscock County and other counties in Texas pursuant to contracts between Acadiana and Laredo.

9. During the course of Acadiana's relationship with Laredo, Acadiana submitted invoices to Laredo for payment that included billings for work that was never performed, that misbilled for milage or performed work, and that included unnecessary or unrequested services or goods. Acadiana also made payments directly to, or provided goods or services directly to, a Laredo employee as a reward for Acadiana receiving work from Laredo or to induce the award of work from Laredo to Acadiana.

10. Laredo has paid these invoices.

11. Acadiana has submitted additional invoices to Laredo in the amount of approximately $325,000. Laredo has not paid these invoices either because the invoices are not true and correct, or, even if the invoices are true or correct, Laredo is entitled to an offset or credit for the previously paid incorrect invoices.

## VI. Causes of Action

### A. *Equitable Accounting*

12. Laredo incorporates the facts alleged in paragraphs 1 through 11 as if fully set forth herein.

13. Laredo and Acadiana are in a contractual relationship, and Laredo is entitled to an accounting of the amount of money, if any, that is due to Acadiana by Laredo, and the amount of money, if any, that must be reimbursed to Laredo by Acadiana.

14. An accounting is proper because the facts and accounts presented are so complex that adequate relief may not be obtained at law through the use of standard discovery procedures.

### B. *Declaratory Judgment (Texas Civil Practice and Remedies Code Chapter 37)*

15. Laredo incorporates the facts alleged in paragraphs 1 through 14 as if fully set forth herein.

16. Laredo has a contractual relationship with Acadiana and has uncertainty as to whether any amount of money is due to Acadiana.

17. Laredo is entitled to a declaratory judgment that it owes no money to Acadiana, which will settle and afford relief from uncertainty and insecurity with respect to Laredo's rights, status, and legal relationship with Acadiana.

## VII. Attorney's Fees

18. Laredo has retained the undersigned attorneys to represent it in all capacities and has agreed to pay the reasonable and necessary attorney's fees in prosecuting its claims against Defendant. Laredo seeks to recover all of its reasonable and necessary attorney's fees incurred in prosecuting its claims against Defendant. TEX. CIV. PRAC. & REM. CODE § 37.009.

## VIII. Conditions Precedent

19. All conditions precedent to the assertion of, and recovery of judgment for, each and all of the claims made by Laredo have been performed, are excused, or have occurred. TEX. R. CIV. P. 54.

## IX. Jury Demand

20. Plaintiff hereby demands a trial by jury.

## X. Prayer

WHEREFORE, premises considered, Laredo respectfully requests that this matter be set for trial and, after a trial on the merits and an accounting, a Final Judgment be entered in favor of Laredo against Defendant wherein Laredo is awarded the damages as set forth herein, a declaration that it owes no money to Defendant, costs of this action and reasonable attorney's fees, pre- and post-judgment interests as allowed by law, and all other and further relief, at law or in equity, to which Laredo is entitled.

Respectfully submitted,

**DAVIS, GERALD & CREMER**
**A Professional Corporation**
400 W. Illinois, Suite 1400
Midland, Texas 79701
(432) 687-0011
Fax: (432) 687-1735


By: */s/ John A. "Jad" Davis*
    John A. "Jad" Davis
    State Bar No. 05511400
    jadavis@dgclaw.com

    Julie L. Griffis
    State Bar No. 24070032
    jlgriffis@dgclaw.com

**ATTORNEYS FOR PLAINTIFF**